# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TONY RIDLEY, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:16-cv-01436 |
| | ) CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1); the Government's response (Doc. No. 10); the Petitioner's reply (Doc. No. 11); the Petitioner's supplemental brief (Doc. No. 13); and the Government's supplemental brief (Doc. No. 14). As explained below, the Court will deny Petitioner's § 2255 Motion because he validly waived the right to collaterally attack his sentence in his plea agreement.

I.   Background

In criminal case number 3:08-cr-00240-1, Petitioner was charged with conspiracy to injure a federal employee; assaulting a federal employee with a deadly weapon with intent to commit aggravated robbery; brandishing a firearm in relation to a crime of violence; conspiracy to commit federal offenses; wire fraud; unlawful possession of credit card with intent to commit wire fraud; and aggravated identity theft. (Case No. 3:08-cr-00240-1, Doc. No. 25.) On April 6, 2009, pursuant to a Rule 11(c)(1)(B) Plea Agreement, Petitioner pleaded guilty to all counts. (Case No. 3:08-cr-00240-1, Doc. No. 58.) Petitioner's Rule 11(c)(1)(B) Plea Agreement recited a factual basis for his guilty plea, stated that was no disagreement as to the statutory mandatory imprisonment sentence and guidelines sentences for Counts Three and Eight, disputes, and stipulated that either

party was free to object to any other Sentencing Guidelines calculation in the presentence report.[1] (Id.) The Plea Agreement contains a lengthy waiver of appellate and post-conviction rights which provides, among other things, that Petitioner "knowingly waive[d] the right to challenge his conviction or the sentence imposed in any collateral attack, *including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241*." (Id. at 29 (emphasis added).) Petitioner certified that he had read the Plea Agreement, carefully reviewed every part of it with his attorney, understood it, and voluntarily agreed to it. (Id. at 30.) At the plea hearing, Senior District Judge Robert Echols conducted a lengthy colloquy with Petitioner. (Case No. 3:08-cr-00240-1, Doc. No. 102.) Judge Echols discussed the waiver of appellate rights at length and specifically advised Petitioner that he was waiving his "right to attack the sentence or challenge the sentence after you begin to serve your sentence, including any rights you might have to a writ of habeas corpus in the case." (Id. at 47.) Petitioner responded that he understood the waiver and had no questions. (Id. at 48.)

On December 30, 2009, Petitioner was sentenced to 25 months of imprisonment on Counts 1-2 and 4-7, to run concurrently; 84 months imprisonment on Count 3, to run consecutively to Counts 1-2 and 4-7, and 24 months imprisonment on Count 8, to run consecutively to Counts 1-7, for a total of 133 months imprisonment. (Case No. 3:08-cr-00240-1, Doc. No. 97 at 2.) Petitioner then appealed the judgment of conviction and sentence. But the Court of Appeals for the Sixth Circuit granted the Government's motion to dismiss the appeal based on the appellate waiver provision in the plea agreement. (Case No. 3:08-cr-00240-1, Doc. No. 107 (United States v. Tony

---

[1] The plea agreement set forth that, in exchange for Petitioner's cooperation, the Government would not move for an upward variance or departure from the advisory Sentencing Guidelines range; nor, however, would the Government move for a downward variance or departure. (Case No. 3:08-cr-00240-1, Doc. No. 58.) However, the Government reserved the right to file a motion under U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35, at its sole discretion. (Id.)

Ridley, Case No. 10-5001, Order Dismissing Appeal at 1-2 (6th Cir. Aug. 24, 2010))). The court held that Petitioner had "explicitly waived the right to appeal" except in limited, enumerated circumstances. Id. Citing United States v. Bradley, 400 F.3d 459, 463-66 (6th Cir. 2005), the court noted that "[l]ater developments, though detrimental, do not alter the scope of the waiver provision or "undo its binding nature." Id. at 2. Finally, the court concluded that "the district court complied with the requirements of Fed. R. Crim. P. 11 and properly determined that Ridley knowingly and voluntarily entered his guilty plea" and that Petitioner was "indisputably on notice" of his appellate waiver. Id.

Petitioner's counsel filed this § 2255 Motion on June 17, 2016. (Doc. No. 1.) Petitioner separately filed a pro se § 2255 Motion at nearly the same time under Case Number 3:16-01547. Now-retired District Judge Todd Campbell consolidated the filings under this case number. (Doc. No. 8.) This matter was subsequently transferred to the undersigned.

II. Analysis

Petitioner's § 2255 Motion seeks a reduction of his sentence on the basis that it was enhanced by the application of 18 U.S.C. § 924(c)'s mandatory sentence structure imposed when a defendant possesses a firearm in furtherance of a "crime of violence," a term that has a definition that is "almost identical" to that in the Armed Career Criminal Act addressed in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1 at 1.) Petitioner argues that his underlying offense "could only be considered a 'crime of violence' under the now unconstitutional residual clause contained in that definition." (Id.)

A. Waiver

It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Furthermore, the Court of Appeals for

3

the Sixth Circuit has consistently held that plea agreement waivers of § 2255 rights are enforceable. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Cox v. United States, 695 F. App'x 851, 853 (6th Cir. 2017). Last week, the Court of Appeals reiterated its "previous holdings that a Johnson-based collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of 'any right, even a constitutional right, by means of a plea agreement.'" Slusser v. United States, --- F.3d ---, No. 17-5070, 2018 WL 3359112, at *2 (6th Cir. July 10, 2018) (quoting Cox, 695 F. App'x at 853); see also United States v. Morrison, 852 F.3d 488, 490-91 (6th Cir. 2017) ("[A]fter the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)); Cox, 695 F. App'x at 853 (enforcing waiver even though "Cox may not have known at the time of his plea that the Supreme Court would change the law in the way it did in Johnson"); In re Garner, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive § 2255 petition raising a Johnson-based challenge to the analogous provision in the U.S.S.G. because petitioner had waived his right to pursue such a § 2255 claim in his plea agreement). As the court explained, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" Slusser, 2018 WL 3359112, at *2 (quoting Morrison, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." Morrison, 852 F.3d at 490 (citing Bradley, 400 F.3d at 464). "The subsequent developments in this area of the law 'do[ ] not suddenly make [Petitioner's] plea involuntary or unknowing or otherwise undo its binding nature.'" Slusser, 2018 WL 3359112, at *2 (quoting Bradley, 400 F.3d at 463).

Petitioner does not challenge that his Plea Agreement, including his waiver of his right to collaterally attack his conviction under § 2255, was entered into knowingly and voluntarily. Although Petitioner may not have known of the future <u>Johnson</u> jurisprudence at the time of his plea, he knew that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and he knowingly chose to waive his right to seek § 2255 relief except on very limited bases not at issue here. The Court, therefore, will enforce Petitioner's waiver and will not reach the merits of Petitioner's § 2255 Motion.

    B.  <u>Certificate of Appealability</u>

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Petitioner has not satisfied this standard and thus a certificate of appealability will be denied.

III.   <u>Conclusion</u>

For the reasons discussed above, Petitioner's § 2255 motion (Doc. No. 1) will be **DISMISSED WITH PREJUDICE**. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be **DENIED**. 28 U.S.C. § 2253(c).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE